Alan DEATLEY; Napi (Colorado) LLC, a Washington limited liability company; 15 Corporations, Inc., a Washington corporation, Plaintiffs–Appellants,

v.

KEYBANK NATIONAL ASSOCIATION, an Ohio corporation, Defendant–Appellee,

and

Colorado Department of Revenue; Roxy Huber; Neil Tillquest; Bruce Nelson; Richard Giardini, Defendants.

No. 15–1036.

United States Court of Appeals, Tenth Circuit.

Dec. 2, 2015.

Joseph Daniel Bariault, Business Advocate Law, Seattle, WA, for Plaintiffs–Appellants.

Brian J. Berardini, Brown, Berardini & Dunning, Katherine Karamalegos Kust, Alan D. Sweetbaum, Sweetbaum Sands Anderson, Denver, CO, for Defendant–Appellee.

Before LUCERO, GORSUCH, and McHUGH, Circuit Judges.

### ORDER AND JUDGMENT*

PER CURIAM.

After KeyBank sought to foreclose on their property, the appellants filed suit to try to defeat the bank's security interest. In the end, though, the district court granted summary judgment to the bank after the appellants indicated that they did not intend to call any witnesses or introduce any evidence at trial to support their claims. In this appeal, the appellants raise a single issue: did the district court's rulings exhibit such bias against them that the rulings deprived them of due process of law?

The appellants claim the district court revealed its bias not only by ruling against them but also in certain comments it made in the course of deciding this case. In denying the appellants' motion to stay, for example, the magistrate judge concluded that one of the appellants had "engaged in abusive litigation tactics for the improper purpose of manipulating the judicial system." The magistrate judge later characterized the appellants' motion for protective order as "one more attempt at manipulation and delay." In denying the appellants' request for voluntary dismissal without prejudice, the district judge also noted that "[m]ultiple judges

have found [their] litigation conduct to be suspect and, after a thorough review of the record, the Court has no basis upon which to disagree." As a remedy for all of this, the appellants ask us (among other things) to set aside the district court's grant of summary judgment.

That we may not do. Under governing law, an adverse judicial ruling on the merits "almost never constitute[s] a valid basis for a" claim of bias, and we see no reason to think the district court's merits disposition was anything other than legally correct. *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Likewise, judicial comments disapproving of the parties' litigation tactics "ordinarily do not support a bias or partiality challenge [unless] they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* And the record before us contains ample evidence both to support the comments the district court offered in the course of deciding this case and to persuade us that a fair judgment according to the law was not only possible in this case but actually reached.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.